United States District Court
For the District of Columbia

Peter Taylor, Plaintiff
F.C.I. Ray Brook, P.O. Box 9008
Ray Brook, N.Y. 12977
Identification No. 11967-052

Vs.

Federal Bureau of Prison, Defendant
Office of the General Counsel, room 841
320 First St. N.W.
Washington, D.C. 20534

RECEIVED
AUG 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No
07-1081 (RCL)

Motion under Vaugh V. Rosen to require Detailed indexing, Justification and Itemization:

Plaintiff, Peter Taylor moves this Court for an order requiring Defendant Federal Bureau of Prison to provide within 30 days of the complaint in this action, a detailed justification for allegation contained in the Defendant's answer and previous administrative denial that the request documents are exempt from disclosure under the Freedom of Information Act, 5 U.S.C. Section 552 and the privacy act 5 U.S.C. Section 552A, including an itemization and index of the documents claimed to be exempt, correlating specific statements in such justification with actual portions of the requested documents. See Vaughn V. Rosen, 484 f.2d 820 (D.C. Cir 1973) Cert. Den, 415 U.S. 977 (1974)

Respectfully Submitted,
Peter Taylor
F.C.I Ray Brook
Box 9008
Brook, NY 12977
7-30-07

## Certificate of Service

I hereby certify that on this 30 day of July, 2007 under penalty of perjury that I have placed in the hands of the authorized corrections official here at FCI Ray Brook for mailing by pre-paid U.S. Post to the interested parties in the civil action true and correct copies of (1) complaint civil action No. 07-1081 (RCL) (2) motion under Vaughn v. Rosen to require detailed indexing, justification and itemization.

Judith A. Kidwell, Counsel for the Defendant, Federal Bureau of Prison.
Assistant United States attorney
555 4th St. N.W. room E4905
Washington, D.C. 20530

Peter Taylor

United States District Court
For the District of Columbia

Peter Taylor
　　　Plaintiff

Vs

Federal Bureau of Prison
　　　Defendant

Civil action No
07-1081 (RCL)

## Order

Upon consideration of the plaintiff motion under Vaugh v. Rosen to require detailed indexing, justification and itemization of time to file an answer, any opposition thereto, and the entire record herein, it is Sept. 1, 2007.

Ordered that the plaintiff motion is granted, and it is further ordered that the defendant shall have until Sept. 1, 2007 to file an answer or other response to plaintiff complaint.

_____
United States District Judge

Exhibit 1, 2, 3,



Exhibit 3



Exhibit 1

**Federal Bureau of Prisons Inmate Telephone System - II**

File  Tasks  Reports  Help

Account | Financial | Call Records | Telephone List | Call Limit Status | Telephone Assignment | Access Control

Find Inmate:  Register Number: 11967-052  Last Name: TAYLOR  First Name: PETER  Middle Name:
Add Inmate:  PAC: 386916132  Facility: RAY BROOK FCI  Living Unit: DEFAULT LIVING UNIT  Language: English

Year: 2007  Month: Apr    [Display]  [Cur Month]  [Sort Order]  [Call Details]

| Date | Time | Dialed Digits | Duration | Charge | Charge Type | Call Result | Recorder | Alert Type |
|---|---|---|---|---|---|---|---|---|
| 04/27/2007 | 13:25:33 | 13475979552 | 5 | $1.15 | DIRECT CALL | 0 | 38 | N/A |
| 04/27/2007 | 13:24:25 | 15184709913 | 0 | $0.00 | DIRECT CALL | 10 | 38 | N/A |
| | | 13475979552 | 0 | $0.00 | DIRECT CALL | 10 | 38 | N/A |
| | | 13475979552 | 9 | $2.07 | DIRECT CALL | 0 | 40 | N/A |

Call Records    RBK    Local    Close

**SENSITIVE -
BUT UNCLASSIFIED**

Exhibit 2

1)

United States District Court
For the District of Columbia

Peter Taylor
      Plaintiff

                                 Civil Action No.
VS                               07-1081 RCL

Federal Bureau of Prisons
      Defendant

1. Complaint

1. Plaintiff, Peter Taylor, Pro Se for the complaint state as follows: (amended)

2. Parties, Jurisdiction and venue

2. Plaintiff, Peter Taylor was confined in the Federal Correction Institution Ray Brook, located at F.C.I. Ray Brook, P.O. Box 9008, in the city of Ray Brook, in the state of New York 12977.

3. Plaintiff Peter Taylor is, and was at all times mentioned herein an adult citizen of the United States and a resident of the state of New York.

4. Defendant, Federal Bureau of Prison was at all relevant times agency of Federal Bureau of Prison

5. This action arises under and is brought pursuant to Freedom of Information act (FOIA), 5 U.S.C. Section 552 [ and the Privacy act 5 U.S.C. Section 552 A - to remedy the deprivation, under Freedom of Information act and Privacy act guaranteed by the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

6. This cause of action arose in the District of Columbia, therefore venue is proper under 28 U.S.C. Section 1391 (b)

3. Statement of Claim

7. At all relevant times herein, Defendant Denied, violated plaintiff request

4. Statement of facts

Paul Silver and Timothy McDermott of the Northern District of New York office.

9. Oct. 12, 2006 Plaintiff was assualted at F.C.I. Gilmer by inmate Harris because Harris said plaintiff was a informant from Albany County jail.

10. Plaintiff was moved to F.C.I. Ray Brook, on Feb. 10, 2007 plaintiff called Brianne Titano 518-828-8494 on the Federal Bureau of Prison monitor inmate phone at F.C.I. Ray Brook. Brianne informed plaintiff to call Billie jo we this call was made by plaintiff at, 11:48:16

11. On Feb. 15, 2007 plaintiff called Billie jo weed 518-470-9913 on the Federal Bureau of Prison monitor inmate phone at F.C.I. Ray Brook. Billie jo weed informed plaintiff how law official (D.E.A) pick her up from her job and brought her to the Albany, NY federal building providing her with confidential information about plaintiff cooperating and how plaintiff cooperated against her. On March 13, 2007 plaintiff wrote Lt. S. Niles who supervise the monitor inmate calls at F.C.I. Ray Brook, and request under freedom of information act 5 U.S.C. section 552 [and the privacy act 5 U.S.C. Section 552A] that plaintiff request records, tapes, transcripts, notes, of Feb. 15, 2007 monitor phone call made by plaintiff at F.C.I Ray Brook to Billie Jo weed 518-470-9913. Plaintiff explain that, plaintiff request deals with law official conspire to have plaintiff harm and his family killed by disclosing plaintiff cooperation.

12. On March 26th, 2007 plaintiff Lt. Niles denied plaintiff request and informed plaintiff to write Federal Bureau of Prison in Washington, D.c

3)

13. On April 4, 2007 plaintiff wrote Defendant requesting under Freedom of information act 5 U.S.C. Section 552 and the privacy act 5 U.S.C. Section 552A records, notes, transcripts, tapes to Feb. 15, 2007 monitor phone calls made by plaintiff at F.C.I. Ray Brook to Billie jo weed 518-470-9913. Plaintiff explain to Defendant that plaintiff request was for proper authority to investigate and to protect plaintiff. Defendant denied request by failure to respond.

14. On April 15, 2007 Plaintiff calls his mother 347-597-9552 at F.C.I. Ray Brook on the monitor phone. Plaintiff mother informs him she has been threaten and harass by individual. Plaintiff inform his mother he was going to inform the authority, about what law official has done providing Billie jo weed with information.

## relief

15. Plaintiff seek the court to enforce the federal Bureau of Prisons to release to plaintiff all tapes, notes, records of feb. 10, 2007 11:48:16 (time monitor call made to Brianne titano. 518-828-8494. Plaintiff seek the court to enforce the Federal Bureau of Prison to release to plaintiff all tapes, note records of feb. 15, 2007 13:58:27 monitor call made to Billie jo weed 518-470-9913 Plaintiff seek the court to enforce the federal Bureau of Prisons to release to plaintiff all tapes, notes, records of april 15, 2007 18:56:16 monitor call made to Carol taylor. 347-597-9552

this request is to provide evidence to the proper authority to protect plaintiff Plaintiff plans to provide this evidence to Judge Homer in the Northern District of New York.

I declare state under penalty of perjury that the foregoing is true and correct. 7/30/07

Sincerely
Peter taylor.

1)

United States District Court
For the District of Columbia

Peter Taylor
    Plaintiff

                                  Civil Action No.
VS                                  07-1081 RCL

Federal Bureau of Prisons
    Defendant

### 1. Complaint

1. Plaintiff, Peter Taylor, Pro Se for the complaint state as follows: (amended)

### 2. Parties, Jurisdiction and Venue

2. Plaintiff, Peter Taylor was confined in the federal Correction Institution Ray Brook, located at F.C.I. Ray Brook, P.O. Box 9008, in the city of Ray Brook, in the state of New York 12977.

3. Plaintiff Peter Taylor is, and was at all times mentioned herein an adult citizen of the United States and a resident of the state of New York.

4. Defendant, Federal Bureau of Prison was at all relevant times agency of Federal Bureau of Prison

5. This action arises under and is brought pursuant to Freedom of Information act (FOIA), 5 U.S.C. Section 552 [and the Privacy act 5 U.S.C. Section 552A] to remedy the deprivation, under Freedom of Information act and Privacy act guaranteed by the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

6. This cause of action arose in the District of Columbia, therefore venue is proper under 28 U.S.C. Section 1391(b)

### 3. Statement of Claim

7. At all relevant times herein, Defendant Denied, violated plaintiff request

### 4. Statement of Facts

2)

Paul Silver and Timothy McDermott of the Northern District of New York office.

9. Oct. 12, 2006 Plaintiff was assaulted at F.C.I. Gilmer by inmate Harris because Harris said plaintiff was a ~~informed~~ informant from Albany County jail.

10. Plaintiff was moved to F.C.I. Ray Brook, on feb. 10, 2007 plaintiff called Brianne Titano 518-828-8494 on the Federal Bureau of Prison monitor inmate phone at F.C.I. Ray Brook. Brianne informed plaintiff to call Billie Jo Weed this call was made by plaintiff at, 11:48:16

11. On feb 15, 2007 plaintiff called Billie Jo Weed 518-470-9913 on the Federal Bureau of Prison monitor inmate phone at F.C.I. Ray Brook. Billie Jo Weed informed plaintiff how law official (D.E.A) pick her up from her job and brought her to the Albany, N.Y federal building providing her with confidential information about plaintiff cooperating and how plaintiff cooperated against her. On march 13, 2007 plaintiff wrote Lt. S. Niles who supervise the monitor inmate calls at F.C.I. Ray Brook, and request under freedom of information act 5 U.S.C. Section 552 [and the privacy act 5 U.S.C. Section 552A] that plaintiff request records, tapes, transcripts, notes, of feb. 15, 2007 monitor phone call made by plaintiff at F.C.I Ray Brook to Billie Jo Weed 518-470-9913. Plaintiff explain that, plaintiff request deals with law official conspire to have plaintiff harm and his family killed by disclosing plaintiff cooperation.

12. On ~~april 4~~ March 26th, 2007 plaintiff Lt. Niles denied plaintiff request and informed plaintiff to write Federal Bureau of Prison in washington, D.C

ORDERED, that the Clerk provide a copy of the Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED, that a response to Plaintiff's complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

ORDERED, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the court which does not include a proper certificate of service will be returned, without processing.** Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and it is further

ORDERED, that the Clerk serve a copy of this Order on Plaintiff.

Dated: May 15, 2007
Albany, NY

David R. Homer
United States Magistrate Judge

3

Plaintiff alleges that defendants Dunlap and John Doe were deliberately indifferent in their failure to protect plaintiff. *Id.* at 8-9. Defendant Silver is alleged to have been deliberately indifferent to "plaintiff['s] health and safety by failing to investigate defendant Dunlap...." *Id.* at 10. Defendant Silver is also alleged to have exercised "deliberate indifference" in failing to keep the information confidential. Dkt. No. 1 at 9. For a complete statement of the claims, reference is made to the complaint.

After reviewing the entire file herein, the Court finds that Plaintiff's *in forma pauperis* application may be granted.

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's *in forma pauperis* application is **GRANTED**.[2] The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the Defendants, together with a copy of this Order. The Clerk shall also issue summonses and forward them, along with copies of the complaint, to the United States Marshal, for service on both the United States Attorney for the Northern District of New York ("U.S. Attorney's Office") and the Attorney General of the United States in Washington, D.C. The Clerk shall also forward a copy of this Order to the U.S. Attorney's Office, and it is further

**ORDERED**, that the Clerk provide the Warden of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify such official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

---

[2] The Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

3)

13. On april 4, 2007 plaintiff wrote Defendant requesting under Freedom of information act 5 U.S.C. section 552 and the privacy act 5 U.S.C. Section 552A records, notes, transcripts, tapes to feb. 15, 2007 monitor phone calls made by plaintiff at F.C.I. Ray Brook to Billie jo weed 518-470-9913. Plaintiff explain to Defendant that plaintiff request was for proper authority to investigate and to protect plaintiff. Defendant denied request by failure to respond.

14. On april 15, 2007 Plaintiff calls his mother 347-597-9552 at F.C.I. Ray Brook on the monitor phone. Plaintiff mother informs him she has been threaten and harass by individual. Plaintiff inform his mother he was going to inform the authority, about what law official has done providing Billie jo weed with information.

<u>relief</u>

15. Plaintiff seek the court to enforce the Federal Bureau of Prisons to release to plaintiff all tapes, notes, records of feb. 10, 2007 11:48:16 (time monitor call made to Brianne Titano 518-828-8494. Plaintiff seek the court to enforce the Federal Bureau of Prison to release to plaintiff all tapes, note records of feb. 15, 2007 13:58:27 monitor call made to Billie jo weed 518-470-9913 Plaintiff seek the court to enforce the federal Bureau of Prisons to release to plaintiff all tapes, notes, records of april 15, 2007 18:56:16 monitor call made to Carol taylor. 347-597-9552

this request is to provide evidence to the proper authority to protect plaintiff Plaintiff plans to provide this evidence to Judge Homer in the northern District of New York.

I declare state under penalty of perjury that the foregoing is true and correct. 7/30/07

Sincerely
Peter taylor

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
PETER TAYLOR,

                              Plaintiff,

                                                                               9:07-CV-0253
                                                                               (NAM)(DRH)

v.

TERENCE DUNLAP, D.E.A. Agent;
JOHN DOE, D.E.A. Agent;
PAUL D. SILVER, A.U.S.A.,

                              Defendants.



-------------------------------------------------------------------------
APPEARANCES:

PETER TAYLOR
11967-052
Ray Brook Federal Correctional Institution
P.O. Box 9000
Ray Brook, NY 12977
Plaintiff, *pro se*

David R. Homer, Magistrate Judge

### DECISION and ORDER

I.    **Background**.

    The Clerk has sent to the Court a complaint, together with an application to proceed *in forma pauperis*, filed by plaintiff Peter Taylor, who is presently incarcerated at Ray Brook Federal Correctional Institution. Dkt. No. 1 and 2.

    In his *pro se* complaint, plaintiff alleges that in May 2004 he gave information to the three defendants that he was told would remain confidential.[1] Dkt. No. 1 at 3. Plaintiff further alleges that the information, which involved drug-related activities by an acquaintance of plaintiff, was divulged to third parties by defendants and, as a result, plaintiff has been attacked by other inmates and has been moved to several different correctional facilities for his protection. *Id.* at 7.

---

[1] At that time plaintiff was being held at the Albany County Jail as a pretrial detainee.

UNITED STATES GOVERNMENT
# memorandum
FCI, Ray Brook, NY

**DATE:** March 26, 2007

**REPLY TO ATTN OF:** *Lt. S. Niles, SIS*

**SUBJECT:** Response to Your Inmate Request to Staff Member

**TO:** Peter Taylor, #11967-052
SHU

I am in receipt of your request for copies of phone calls made by you on February 15, 2007, to (518) 470-9913. This type of request is considered a Freedom of Information/Privacy Act request. Therefore, you should submit your request to the following office:

Federal Bureau of Prisons
Freedom of Information/Privacy Act Section
320 First Street
Washington, DC 20534

If you require any additional information or have any questions concerning your request, please contact the above office.

```
                                        FCI RAY BROOK
                                        P.O. BOX 9008
                                        RAY BROOK, N.Y. 12977
                                        DATE: MARCH 13, 2007
```

Freedom of Information Officer:
S.I.S. LT. Niles
Name of Agency:
FCI RAY BROOK
Address:
P.O. Box 9008
Ray Brook, N.Y.12977


Dear Mr. LT. Niles:

   This request is made under the Freedom of Information Act (
(FOIA), 5 U.S.C. Section 552 [and the Privacy Act 5 U.S.C. Section
552a].
   Please send me copies of [feb. 15, 2007 monitor phone calls
madetto 518-470-9913 Ms. Billie Jo Weed. I request sound recocr
recording,papers of the recordinginin the possession, custody, or
control of your agency.
   As you know, the Freedom of Information Act provide that
if portion of a docoment are exempt from release, the remainder
must be segregate and disclosed. Therefore, I will expect you
to send me all nonexempt portion of the records which I have re
requested, and ask that you justify any deletions with feference
to specific exemptions of FOIA. The information requested is
not to be used for commercial benefit, so I do not expecf to be
charged fees foreyour review of thermaterial to see if it falls
within one of FOIA,sexemption.
I promise to pay reasonable search and duplication costs in
connection with this request. However, please notify me ahead
of time if you estimate that fees wille exceed $ 10.00 so I can app
approve the additional amount.
   FOIA provides for the waiver or reduction of search duplication
fees where the "disclosure of hhe information is in hhe public
interest it is likely to contribote significantly to public
 understanding of the operation or activities of the government
and is not primarily in the commercial interest of the request".
This request should be exempt from all fees because[ this request
deals with informing the public about official disclosing
cofidential information.] If you deny this request, however, please
notify me if fees will exceed $ 10.00 so I can decide whether
to pay the fees or appeal your denial of my request for waiver.

Sincerely,

*[signature]*
Peter taylor reg. 11967-052

I declare (or certify, or saate ) under penalty of perjury that the
foregoing is true and correct. Executed on march 13, 2007.

Peter taylor
Signature