UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1081 (RCL) |
| FEDERAL BUREAU OF PRISONS, | ) |
| Defendant. | ) |

ORDER

    Defendant has filed a motion to dismiss or for summary judgment. Plaintiff is representing himself.

    In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

    In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing

party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).  Under Rule 56(e) of the Federal Rules of Civil Procedure,

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).  Thus, a party, such as the plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit.  *See Neal*, 963 F.2d at 457-58.

In accordance, this Court wishes to advise plaintiff that he must respond to defendants' previously filed motion **within fourteen (14) days of the filing date of this Order**.  If plaintiff does not respond, the Court will treat the motion as conceded and may dismiss the case.

SO ORDERED.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: December 4, 2007